**Raymond LACEY et al.**

v.

**Jan REITSMA, in his capacity as Director of State of Rhode Island Department of Environmental Management et al.**

No. 2005–226–Appeal.

Supreme Court of Rhode Island.

June 6, 2006.

Christopher J. O'Connor, Esq., Providence, for Plaintiff.

Genevieve M. Allaire–Johnson, Esq., for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

Justice ROBINSON for the Court.

The plaintiffs in this personal injury action, Raymond and Doris Lacey, are the parents of Raymond Lacey, Jr. (R.J.), who was injured while riding his bicycle at Fort Adams State Park in Newport, Rhode Island, on July 6, 2000. They brought suit on behalf of their son and in their personal capacities against the State of Rhode Island and the State of Rhode Island Department of Environmental Management. The plaintiffs appeal from the Superior Court's grant of summary judgment in favor of the defendants, contending that the trial justice erroneously applied the Recreational Use Statute, G.L.1956 chapter 6 of title 32.

This case came before the Supreme Court for oral argument on May 10, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

### Facts and Travel

The plaintiffs, Raymond and Doris Lacey, relocated to Rhode Island with their children on July 5, 2000, because Mr. Lacey had been assigned to the United States Naval Base in Newport. The military housing which the family occupied is located near a state recreational facility known as Fort Adams State Park (the Park). On July 6, 2000, plaintiffs' nine-year-old son, R.J., went for a bicycle ride with his two sisters. The children were proceeding along the west side of the Park, an area which is bordered by a twenty-foot cliff. The plaintiffs alleged in their complaint that R.J. veered over the cliff and fell to the rocks below, sustaining severe and permanent injuries.

The plaintiffs filed a complaint in Superior Court alleging that the state[1] was negligent in its operation and maintenance of the Park, specifically in the area in which R.J. fell, by failing to place a guardrail, wall, fence, or other protective device along the road to prevent people from falling off the cliff. The plaintiffs further alleged that R.J.'s injuries were the direct and proximate result of the state's negligence, and they sought damages for the medical expenses that had been and would be incurred as a result of their son's injuries and for their own loss of the society and companionship of their son.

The state filed a motion for summary judgment, arguing that it was shielded from liability by virtue of the Recreational Use Statute, chapter 6 of title 32, which limits the liability of landowners who make their land publicly available for recreational use without charging a fee.[2] The hear-

---

1. It appears that the State of Rhode Island and the State of Rhode Island Department of Environmental Management were treated as one defendant for purposes of the summary-judgment motion. For the sake of clarity, defendants will be referred to simply as "the state" throughout this opinion.

2. The Recreational Use Statute provides, in pertinent part, as follows:

 "Except as specifically recognized by or provided in § 32–6–5, an owner of land who either directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:

ing justice granted the state's summary-judgment motion, holding that the immunity from liability provided under the Recreational Use Statute was available to the state. A judgment was entered in favor of the state on May 31, 2005, and plaintiffs thereafter filed a timely notice of appeal.

On appeal, plaintiffs contend that the hearing justice erred in ruling that the state was entitled to summary judgment pursuant to the Recreational Use Statute. They argue that the immunity from liability afforded to landowners under that statute is not available to the state.

## Standard of Review

 This Court reviews a hearing justice's decision to grant summary judgment on a *de novo* basis. *DelSanto v. Hyundai Motor Finance Co.*, 882 A.2d 561, 564 (R.I.2005). We conduct that review using the same standards that the hearing justice employs. *Id.* If we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. *Id.; see also Ruggiero v. City of Providence*, 893 A.2d 235, 237 (R.I. 2006).

## Analysis

The plaintiffs contend on appeal that the limitation on liability afforded to landowners under the Recreational Use Statute is not available to the state and that sum-

mary judgment should not have been granted in the state's favor. The hearing justice rejected this argument, however, noting that the Rhode Island General Assembly had added language to the statute in 1996 that specifically included the state and municipalities among the owners of land to which this statute applied.[3]

This Court addressed the effect of the 1996 amendment to the Recreational Use Statute in *Hanley v. State*, 837 A.2d 707 (R.I.2003), a decision which the hearing justice considered to be "virtually on all fours with the case at bar * * *." In *Hanley*, a woman and her husband brought suit against the state after the woman was injured when she tripped on a raised edge of asphalt at Fisherman's Memorial State Park in Narragansett. *Id.* at 709. After summary judgment was entered in favor of the state, the plaintiffs in *Hanley* argued on appeal that the Recreational Use Statute should apply to the state only in a situation where the state holds less than a fee interest in property that is made available for recreational use. *Id.* at 712. They further argued that the statute could not be applied to the state because, at the time the statute was enacted, the park had already been made available for public use. *Id.*

This Court in *Hanley* upheld the Superior Court's grant of summary judgment, concluding that "it is clear from the unambiguous language of the 1996 amendment that the legislature intended to include the state and municipalities among owners en-

(1) Extend any assurance that the premises are safe for any purpose;
(2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
(3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person." G.L.1956 § 32–6–3.

3. At the present time (as also was true at the time of R.J.'s fall from the cliff), the term "Owner" is defined in the Recreational Use Statute as "the private owner possessor of a fee interest, or tenant, lessee, occupant, or person in control of the premises including the state and municipalities." Section 32–6–2(3), as amended by P.L.1996, ch. 234, § 1.

titled to immunity under the statute, regardless of when the property was made available to the public for recreational use." *Id.*

We agree with the hearing justice that this Court's opinion in *Hanley* is "virtually on all fours" with this case. Given the unequivocal ruling in *Hanley* and our respect for the principle of *stare decisis*, we affirm the hearing justice's decision to grant summary judgment in favor of defendants.

■ The plaintiffs also contend on appeal—as they did at the summary judgment stage-that, even if this Court holds (as we do) that the Recreational Use Statute applies to this state facility, the defendants are nonetheless exposed to liability pursuant to the "willful or malicious" exception to the statutory immunity.[4] We are unpersuaded by that argument, however, because plaintiffs' objection to defendants' motion for summary judgment pointed to no evidence that these defendants discovered young R.J. in a position of peril and then failed to warn him against the potentially dangerous condition.[5]

We hasten to add that, although we affirm the grant of summary judgment in this case pursuant to the unambiguous language of the Recreational Use Statute and the equally unambiguous nature of the rel-

evant precedent, we do so quite reluctantly in view of the serious injuries sustained by young Raymond Lacey while riding his bicycle in a state park. Our empathy for that young man is very great.

While we are cognizant of the fact that our judicial role is to interpret and apply statutes and not to legislate, it is our view that it is entirely appropriate for us to suggest that the General Assembly (whose role it is to legislate) focus upon the result in this case.[6] Perhaps the time has come for the General Assembly to revisit the provisions of the Recreational Use Statute, especially where *public* parks and similar *public* recreational areas are concerned. We wish respectfully, but forcefully, to state that we find it troubling (to say the least) to be confronted with a legal regime whereby the users of state and municipal recreational sites must be classified for tort law purposes "as though they were trespassers." *Hanley,* 837 A.2d at 713 (quoting *Tantimonico v. Allendale Mutual Insurance Co.,* 637 A.2d 1056, 1060 (R.I. 1994)). The existing Recreational Use Statute requires that such users be so classified, whereas we are of the view that people who use public recreational facilities should not be classified as trespassers.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court, to

---

4. Section 32–6–5 of the Recreational Use Statute states, in pertinent part, as follows: "(a) Nothing in this chapter limits in any way any liability which, but for this chapter, otherwise exists:
 (1) For the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril * * *."

5. Users of property covered by the Recreational Use Statute are treated, for tort law purposes, as trespassers. *Hanley v. State,* 837 A.2d 707, 713 (R.I.2003). Given that classification, the landowner owes a duty only if the

landowner first discovers the trespasser in a position of peril. *Cain v. Johnson,* 755 A.2d 156, 161 (R.I.2000).

6. It is worth noting that this Court has had occasion to make such adjustments to the judicially created "public duty doctrine" as experience has taught us might be salutary. *See, e.g., Tedesco v. Connors,* 871 A.2d 920 (R.I.2005); *see also* Oliver Wendell Holmes, Jr., *The Common Law* 1 (1881) ("The life of the law has not been logic: it has been experience.").

which court the record in this case may be remanded.