**Freddie CRUZ, Sr., et al.**

v.

**CITY OF PROVIDENCE, et al.**

No. 2005–49–Appeal.

Supreme Court of Rhode Island.

Oct. 20, 2006.

Robert W. Smith, for Plaintiff.

William Smitherman, for Defendant.

Present: WILLIAMS, C.J., FLAHERTY, and SUTTELL, JJ.

**O P I N I O N**

Justice FLAHERTY, for the Court.

The plaintiffs in this personal injury action appeal from the Superior Court's grant of summary judgment in favor of the defendant, the City of Providence (the city or defendant). This case came before the Supreme Court for oral argument on September 25, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Procedural History**

The plaintiffs Freddie Cruz Sr., Adabel Cruz, and Freddie Cruz Jr. (Freddie Jr.) brought suit in their own right and on behalf of Gabriel Cruz (Gabriel) to recover for injuries sustained by Freddie Jr. and Gabriel while the boys were riding a bicycle in Davis Park, a public park located in and owned by the city.

Freddie Jr. was riding his mountain bike on a paved entrance road that ran off Chalkstone Avenue, while Gabriel sat on the handlebars. As the boys proceeded along the roadway, they noticed a chain extending across it. To avoid the chain, Freddie Jr. maneuvered the bike to take an alternate path via an adjacent walkway.

However, a chain also blocked the walkway, and, because the chain blended in with a chain link fence behind it, the boys did not notice it, and were unable to avoid running into it. Gabriel was thrown from the handlebars, suffering serious injuries. Freddie Jr. also was injured when he fell from the mountain bike. The plaintiffs sued the city, alleging negligence in allowing the chains to be put up and taken down by various individuals without any regular schedule or notice.

The city moved for summary judgment on the basis that the Recreational Use Statute, G.L. 1956 chapter 6 of title 32, shielded it from liability.[1] A justice of the Superior Court granted the motion, applying this Court's holding in *Hanley v. State*, 837 A.2d 707 (R.I.2003). The plaintiffs timely appealed.

## II

### Standard of Review

■ "When reviewing the grant of a summary judgment motion, this Court employs the same standard on review as the hearing justice." *Ruggiero v. City of Providence*, 893 A.2d 235, 237 (R.I.2006) (citing *Sindelar v. Leguia*, 750 A.2d 967,

969 (R.I.2000)). In our *de novo* review, we review the evidence in the light most favorable to the nonmoving party, and if we determine that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. *DelSanto v. Hyundai Motor Finance Co.*, 882 A.2d 561, 564 (R.I.2005).

## III

### Analysis

■ The plaintiffs' sole argument is that we reconsider the interpretation of the Recreational Use Statute that we announced in *Hanley*. In that case we were called upon to determine the meaning of the definition of "owner" as modified by the 1996 amendment to the statute. That amendment altered the definition to: " 'Owner' means the private owner possessor of a fee interest, or tenant, lessee, occupant, or person in control of the premises including the state and municipalities." P.L. 1996, ch. 234, § 1. We held that the statute, as amended, clearly and unambiguously included the state and municipalities among those afforded immunity from tort liability. *Hanley*, 837 A.2d at 712.

---

1. General Laws 1956 § 32–6–2 of the Recreational Use Statute provides, in pertinent part:

   *"Definitions.*—As used in this chapter:
   " * * *
   "(3) 'Owner' means the private owner possessor of a fee interest, or tenant, lessee, occupant, or person in control of the premises including the state and municipalities;
   "(4) 'Recreational purposes' includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, horseback riding, bicycling, pleasure driving, nature study, water skiing, water sports, viewing or enjoying historical, archaeological, scenic, or scientific sites, and all other recreational purposes contemplated by this chapter; and

"(5) 'User' means any person using land for recreational purposes."
Section 32–6–3 provides:
   *"Liability of landowner*—Except as specifically recognized by or provided in § 32–6–5, an owner of land who either directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
   "(1) Extend any assurance that the premises are safe for any purpose;
   "(2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
   "(3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person."

The plaintiffs now make the same argument that was made in *Hanley*—that the words "including the state and municipalities" were intended to grant immunity to those governmental entities only when they held less than a fee interest in land, but not when they owned it. *See Hanley*, 837 A.2d at 712. However, this is the precise argument that we rejected in *Hanley*.

It is noteworthy that, since this appeal was filed, we reached the same conclusion as we did in *Hanley* in *Lacey v. Reitsma*, 899 A.2d 455 (R.I.2006). In that case, a nine-year-old boy suffered permanent injuries when he fell from a twenty-foot cliff while riding his bike in Fort Adams State Park. *Id.* at 456. In a suit alleging negligence on the part of the state in maintaining the path from which the boy fell, we were constrained to grant summary judgment for the state [2] based on the unambiguous language of the Recreational Use Statute, and our decision in *Hanley*. *Id.* at 458.

In that no new argument has been advanced, and that our precedent on this statute is clear and unequivocal, we will continue to honor the principle of *stare decisis*. We therefore affirm the grant of summary judgment in favor of the city on the ground that the Recreational Use Statute immunizes it from liability for negligence when individuals use its property for recreational purposes.

## IV

### Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court, to which we remand the papers in this case.

Justices GOLDBERG and ROBINSON did not participate.

---

**2.** We reiterate now the difficulty we expressed in *Lacey v. Reitsma*, 899 A.2d 455 (R.I.2006), about a statute that classifies public park visitors as trespassers for tort law purposes, and we again suggest that the General Assembly review that statute. *See id.* at 458.