Antonina **LABEDZ**

v.

**STATE of Rhode Island.**

**No. 2006–73–Appeal.**

Supreme Court of Rhode Island.

March 16, 2007.

Paul S. Cantor, Seekonk, MA.

Adam Sholes.

# ORDER

The plaintiff, Antonina Labedz, appeals from the Superior Court's entry of summary judgment in favor of the defendant State of Rhode Island (the State) in this personal injury action. This case came before the Supreme Court for oral argument on February 28, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the legal memoranda filed by the parties and considering their oral arguments, we are of the opinion that this appeal may be decided at this time without further briefing or argument.

On September 2, 1999, plaintiff was walking along a concrete path at Scarborough Beach, a state-owned beach located in Narragansett, Rhode Island. As she walked along the path, she tripped on an uneven surface and fell to the ground. As a result of the fall, plaintiff fractured her wrist. The plaintiff commenced an action against the State on August 30, 2002, alleging that the State was negligent in "permitting a dangerous uneven condition to exist on a portion of walkway and failing to warn invitees * * * of the dangerous condition on the premises."

The State filed a motion for summary judgment on December 15, 2004. In support of its motion, the State argued that it was shielded from liability by virtue of the Recreational Use Statute, G.L. 1956 chapter 6 of title 32. The Recreational Use Statute limits the liability of landowners who make their land publicly available for recreational use without charging a fee. Section 32–6–3. In her opposition to the State's motion for summary judgment, plaintiff argued that this Court had erred in a case decided in 2003, in which we held that, in light of the unambiguous language of the Recreational Use Statute as amended in 1996, the State and municipalities could avail themselves of the protections afforded by that statute. The plaintiff additionally argued that summary judgment should not be granted because questions of fact existed as to whether the State willfully or maliciously failed to guard or warn against the dangerous condition after discovering the user's peril.[1]

The hearing justice granted the summary judgment motion in favor of the State, citing as binding precedent this Court's decision in *Hanley v. State*, 837 A.2d 707 (R.I.2003). In *Hanley*, 837 A.2d at 712, we held that in 1996 the General Assembly had amended the Recreational Use Statute to include the State and municipalities within the definition of "owner," thereby expressly extending the statute's limitation of liability provisions to the State and municipalities. With respect to plaintiff's attempt to invoke the statutory exception for willful or malicious conduct, the hearing justice ruled that summary judgment was appropriate due to the fact that plaintiff had failed to point to evidence of willful or malicious conduct that would suffice to allow plaintiff to defeat the motion for summary judgment.

On appeal, this Court conducts *de novo* review of a hearing justice's decision to grant summary judgment, and in doing so we employ the same standards as those used by the hearing justice. *See, e.g., Smiler v. Napolitano*, 911 A.2d 1035, 1038 (R.I.2006); *Cruz v. City of Providence*, 908

---

1. Proof that the State acted willfully or maliciously in failing "to guard or warn against [the] dangerous condition * * * after discovering the user's peril" would trigger a statutory exception to the limitation on liability afforded by the Recreational Use Statute. *See* G.L.1956 § 32–6–5(a)(1).

A.2d 405, 406 (R.I.2006). We will affirm the grant of summary judgment if, after reviewing the evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *See, e.g., Smiler,* 911 A.2d at 1038; *Cruz,* 908 A.2d at 406.

As the hearing justice stated, this Court has unequivocally held that the unambiguous language of the 1996 amendment to the Recreational Use Statute clearly reflects the General Assembly's intent to extend to the State and municipalities the limitations on liability afforded by that statute. *See Hanley,* 837 A.2d at 712 ("We * * * conclude that it is clear from the unambiguous language of the 1996 amendment that the legislature intended to include the state and municipalities among owners entitled to immunity under the statute * * *.").

Moreover, since the time when plaintiff filed her appeal in this case, we have repeatedly and unanimously adhered to our holding in *Hanley* in three subsequent opinions. *See Smiler,* 911 A.2d at 1041; *Cruz,* 908 A.2d at 407; *Lacey v. Reitsma,* 899 A.2d 455, 458 (R.I.2006). In light of this Court's clear and unequivocal precedent concerning this issue and our respect for the principle of *stare decisis,*[2] we must reject plaintiff's argument and hold once again that the limitation on liability afforded to property owners by the Recreational Use Statute does extend to the State.

We would note that our own point of view vis-à-vis the governmental immunity aspect of the Recreational Use Statute has been decidedly unenthusiastic. For example, in *Lacey,* 899 A.2d at 458, although we held that the state was entitled to immuni-

ty under the Recreational Use Statute, we expressed concern about the troubling result that we felt obliged to reach by virtue of our reading of the Recreational Use Statute, and we urged the General Assembly to revisit the provisions of that statute concerning state and municipal immunity. *Id.* ("[W]e find it troubling (to say the least) to be confronted with a legal regime whereby the users of state and municipal recreational sites must be classified for tort law purposes 'as though they were trespassers.' ") (quoting *Hanley,* 837 A.2d at 713). In each of the cases that followed *Lacey,* we reiterated both our concern about the real-world results that the subject provision of the Recreational Use Statute required us to reach and our suggestion that the General Assembly revisit the provisions of the statute. *See Smiler,* 911 A.2d at 1042; *Cruz,* 908 A.2d at 407 n. 2. We take this opportunity once again to urge the General Assembly to review the statute.

The plaintiff also argues that summary judgment should have been denied because, according to plaintiff, a jury should make the determination of whether the State's actions gave rise to the statutory exception for willful or malicious conduct. The plaintiff cites *Tedesco v. Connors,* 871 A.2d 920 (R.I.2005), a case concerning the egregious conduct exception to the public duty doctrine, for the proposition that "a trial justice must allow a jury to find the predicate or duty-triggering facts, provided any exist, in making [determinations about egregious conduct.]" *Id.* at 926. What plaintiff overlooks is the portion of our opinion in *Tedesco* where we stated that "[i]f the facts are not genuinely disputed, the court may proceed to determine

---

2.  *See Cruz v. City of* Providence, 908 A.2d 405, 407 (R.I.2006); *Lacey v. Reitsma,* 899 A.2d 455, 458 (R.I.2006).

the existence vel non of any legal duty without assistance from the trier of fact." *Id.* (quoting *Kuzniar v. Keach*, 709 A.2d 1050, 1056 (R.I.1998)).

In the instant case, the hearing justice expressly rejected the plaintiff's argument based on *Tedesco*, noting that the plaintiff did not point to any evidence that would suggest that the State acted willfully or maliciously as those terms are used in the Recreational Use Statute. After carefully reviewing the record, it is our opinion that the hearing justice was correct in so ruling.

For the foregoing reasons, we conclude that the grant of summary judgment was appropriate. Accordingly, the defendant's appeal is denied and dismissed. The papers in this case may be returned to the Superior Court.