**Supreme Court**

No. 2013-59-Appeal.
(PC 10-801)

Desmond A. Leone            :

v.                          :

Mortgage Electronic Registration Systems    :
              et al.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Desmond A. Leone          :

v.          :

Mortgage Electronic Registration Systems   :
et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.** The plaintiff, Desmond A. Leone, appeals from summary judgment entered against him and in favor of the defendants Mortgage Electronic Registration Systems (MERS),[1] Equity One, Inc. (Equity One), and Assets Recovery Center Investments, LLC (ARC). This case came before the Supreme Court for oral argument on September 24, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time, without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1] For a detailed explanation on the function of MERS in the mortgage industry, see Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

# I

## Facts and Travel

On December 8, 2006, plaintiff Desmond Leone borrowed the sum of $241,000 from Equity One pledging the home he had owned since 1998 as collateral.[2] Equity One was the lender on the promissory note that Leone signed as maker. The note stated in relevant part, "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The note was secured by a mortgage on the Auburn Avenue property. The mortgage deed denominated Leone as the borrower and mortgagor and specified that MERS was the mortgagee, acting as nominee for lender, Equity One, and lender's successors and assigns. The mortgage deed included the statutory power of sale in favor of MERS as well as "to the successors and assigns of MERS." Finally, it was provided that MERS had the right to enforce its interests, "including, but not limited to, the right to foreclose and sell the property," in the event Leone failed to fulfill his obligation to pay the note. The mortgage deed was duly executed and recorded in the Land Evidence Records for the Town of Johnston on December 11, 2006.

On April 24, 2009, Equity One executed a notarized limited power of attorney enabling ARC to act on its behalf. ARC's power of attorney extended to the Leone mortgage that it purchased from Fulcrum Chicago Corporation (Fulcrum).[3] The power of attorney authorized ARC to act on behalf of the successor to Leone's note and "use or take any lawful means for

---

[2] The plaintiff's home was located at 24 Auburn Avenue in Johnston, Rhode Island.

[3] On the same day, April 24, 2009, ARC purchased assets from Fulcrum that Fulcrum had acquired from Equity One via a loan sale agreement, also executed on April 24, 2009. The limited power of attorney confirmed ARC's ability to assert the rights, if any, of Equity One in the assets ARC now held.

recovery by legal process * * * and generally, to do and perform any and all things necessary and appropriate in connection with the [loan sale agreement]."

On April 27, 2009, MERS assigned its interest in the Leone mortgage to ARC via an assignment of mortgage. That assignment was recorded in the Land Evidence Records for the Town of Johnston on December 4, 2009. Unfortunately, Leone failed to make timely payments to the lender. As a result of Leone's default with respect to his obligations, ARC initiated foreclosure proceedings. In November of 2009, the property was sold at a foreclosure sale conducted by ARC.

On February 5, 2010, Leone filed an action for declaratory relief in Providence County Superior Court. His complaint sought a declaration that the assignment from MERS to ARC was invalid, and it also sought to quiet title to the property. On October 21, 2010, defendants, without having filed an answer to plaintiff's complaint, filed a motion to dismiss the complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. Attached to the memorandum in support of the motion to dismiss were two documents that had not been incorporated in plaintiff's initial pleading: the note and the limited power of attorney. Leone filed an objection to the motion to dismiss, attaching to his memorandum a document that was not part of his complaint. This document, entitled "Consent Order," was issued by the United States Department of the Treasury; it concerned MERS's business practices. After several continuances, the motion to dismiss was argued on May 24, 2011.[4]

On April 12, 2012, the hearing justice issued a written decision after having considered materials outside of the pleadings. As a result, the motion to dismiss was converted to a motion for summary judgment. In his decision, the hearing justice found that plaintiff had failed to

---

[4] The plaintiff provided no transcript of that hearing to this Court.

demonstrate the existence of a genuine dispute of material fact. The justice further found that, at the time of foreclosure, ARC was a valid assignee of the mortgage from MERS and that as a result, ARC had the statutory power of sale. Additionally, the justice found that ARC held the power of attorney for the holder of the note. The justice also found that Leone was in default of his obligations under the note because he had failed to make payments which had precipitated the foreclosure proceedings. Therefore, the hearing justice granted summary judgment in favor of defendants. The plaintiff filed a timely appeal to this Court.

## II

### Standard of Review

When ruling on a motion to dismiss, Rule 12(b) states if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *." Further, this Court has held that "when the [hearing] justice receives evidentiary matters outside the complaint and does not expressly exclude them in passing on the motion, then Rule 12(b)(6) specifically requires the motion to be considered as one for summary judgment." Multi-State Restoration, Inc. v. DWS Properties, LLC, 61 A.3d 414, 417 (R.I. 2013) (quoting Martin v. Howard, 784 A.2d 291, 298 (R.I. 2001)).

When a Rule 12(b)(6) motion is converted to a motion for summary judgment, this Court reviews a plaintiff's appeal de novo. Multi-State Restoration, Inc., 61 A.3d at 417 (citing DeSantis v. Prelle, 891 A.2d 873, 876-77 (R.I. 2006)). We employ the same standard as that of the hearing justice: "[i]f we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." Pereira v. Fitzgerald, 21 A.3d 369, 372 (R.I. 2011) (quoting Lacey v. Reitsma, 899

A.2d 455, 457 (R.I. 2006)). "Moreover, the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013) (quoting Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012)).

**III**

**Discussion**

On appeal, plaintiff advances a number of arguments. First, plaintiff contests the hearing justice's conversion of the motion to dismiss to a motion for summary judgment. He argues that the complaint would have survived a motion to dismiss. The plaintiff contends that summary judgment, even if properly converted, was nonetheless incorrectly granted to defendants. The plaintiff posits that the assignment of the mortgage from MERS to ARC was invalid, that the foreclosure by ARC was improper, and that the hearing justice improperly relied on other Superior Court decisions. We conclude that these arguments are without merit and we will address them in turn.

**A. Conversion of Rule 12(b)(6) Motion**

The plaintiff first argues that the conversion of defendants' Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure was improper. Specifically, the plaintiff argues that he was not afforded proper notice of the conversion in accordance with Rule 12(b). Based on our review of the record, we disagree.

A motion to dismiss under Rule 12(b)(6) allows a court to dispose of a proceeding at an early stage if the complaint fails to set forth provable facts under which relief could be granted.

Mendes v. Factor, 41 A.3d 994, 1000 (R.I. 2012). However, it is noteworthy that Rule 12(b) also provides that,

> "[i]f on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." (Emphasis added.)

Here, both parties presented materials that had not been included or attached to the verified complaint when they filed their memoranda in support of and opposition to defendants' motion to dismiss. The defendants included the note that plaintiff had signed when he executed the mortgage and the limited power of attorney that bestowed the rights of the note holder on ARC. In his reply, plaintiff submitted a consent order from several federal agencies that pertained to the practices of MERS in the mortgage market. The hearing justice, in his sound discretion, considered those documents in addition to the pleading and "[u]nder these circumstances, conversion of the dismissal motion to one for summary judgment was automatic under the rules." Bowen Court Associates v. Ernst & Young, LLP, 818 A.2d 721, 726 (R.I. 2003). Indeed, a party who supplies matters outside of the pleadings to a judge who is considering a motion to dismiss cannot complain of a lack of notice that such materials would be considered and a conversion to a motion for summary judgment would result. See Ingram v. Mortgage Electronic Registration Systems, Inc., 94 A.3d 523, 527 (R.I. 2014) (citing Ouimette v. Moran, 541 A.2d 855, 856 (R.I. 1988)).

The parties disagree on whether the hearing justice advised the parties that he would consider the additional documents that were submitted to him. However, no transcript of that hearing was provided to this Court. "[T]he deliberate decision to prosecute an appeal without

providing the Court with a transcript of the proceedings in the trial court is risky business." Sentas v. Sentas, 911 A.2d 266, 270 (R.I. 2006) (quoting 731 Airport Associates, LP v. H & M Realty Associates, LLC, 799 A.2d 279, 282 (R.I. 2002)). Nonetheless, the submission of additional materials outside the pleadings is sufficient to constitute notice. Ingram, 94 A.3d at 527. Further, in the absence of a documented request by plaintiff to exclude such materials, we can discern no error in the hearing justice's action. Both parties submitted materials outside the pleadings for the hearing justice to consider before he ruled on the motion to dismiss. Accordingly, we are satisfied that plaintiff was not denied notice or the opportunity to present additional material and that the Superior Court justice properly converted the motion to dismiss to one for summary judgment.

### B. Motion for Summary Judgment

The plaintiff next argues that the hearing justice erred when he determined that no genuine dispute of material fact existed and when he granted summary judgment in favor of defendants. The plaintiff argues that the assignment of the mortgage from MERS to ARC was invalid, that the foreclosure sale by ARC was not proper, and that the hearing justice improperly relied on previously decided Superior Court cases in making his decision. However, after reviewing the record, we are of the opinion that the arguments plaintiff advances concern the hearing justice's conclusions of law and not matters of fact.

"Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." Swain v. Estate of Tyre ex rel. Reilly, 57 A.3d 283, 288 (R.I. 2012) (quoting Beacon Mutual Insurance Co. v. Spino Brothers, Inc., 11 A.3d 645, 648 (R.I. 2011)). The

plaintiff has failed to meet his burden of showing the existence of a disputed issue of material fact. In our opinion, the authority of MERS, as named mortgagee, to foreclose or to assign the mortgage are questions of law, not questions of fact to be determined by the hearing justice. Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 532 (R.I. 2013). In so concluding, we note that we do not write on a blank slate and that we have addressed the issues raised by plaintiff in previous opinions. See Mruk, 82 A.3d at 532; Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1085 (R.I. 2013).

The plaintiff argues that MERS lacks the statutory power of sale because it held the mortgage only as nominee of the lender, Equity One, but this argument is without merit. In a case where the mortgage used identical language to the one in question, this Court held that MERS was the mortgagee with statutory power of sale. See Bucci, 68 A.3d at 1085. Here, as in Bucci, the mortgage language said, "[b]orrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale * * *." Id. at 1081. When plaintiff executed the mortgage containing this explicit language, he gave to MERS the contractual authority to exercise its right to foreclose.

Further, plaintiff argues that MERS did not validly assign the mortgage to ARC because it did not hold the note, but again, this Court has disposed of this argument. In a similar case, we have held that MERS, as mortgagee and nominee of the lender, could validly assign the mortgage and invest its assignee with the statutory power of sale. Mruk, 82 A.3d at 537. In Mruk, MERS assigned its interest in the mortgage to the Federal National Mortgage Association (FNMA), which later began foreclosure proceedings. Id. at 530-31. We held that, based on the

reasoning in <u>Bucci</u>, the same entity need not hold the mortgage and the note, MERS was a valid mortgagee despite not holding the note, and its assignment to FNMA was therefore consistent with Rhode Island law. <u>Mruk</u>, 82 A.3d at 537. Similarly, the assignment of Leone's mortgage to ARC was valid because MERS was the mortgagee and nominee for the original lender, Equity One and its successors and assigns. Upon the execution of the assignment, ARC held the statutory power of sale with the ability to foreclose.

The plaintiff next argues that the power of attorney that was issued to ARC by the note's named lender, Equity One, is invalid or not authentic. The hearing justice accepted its authenticity and found that it credibly demonstrated that ARC held the power of attorney for the lender, in addition to being the assignee of the mortgage via MERS. We can divine no error by the hearing justice in construing the document within the context of a proceeding for summary judgment.

With respect to the remaining essential facts, the plaintiff does not show the existence of a genuine dispute; "[o]nce 'the moving party establishes grounds for [summary] judgment, the opposing party, who counters that there is a material factual dispute, * * * must set forth specific facts that would constitute a genuine issue for resolution at trial.'" <u>McGovern v. Bank of America, N.A.</u>, 91 A.3d 853, 858 (R.I. 2014) (quoting <u>Riel v. Harleysville Worcester Insurance Co.</u>, 45 A.3d 561, 570 (R.I. 2012)). In his filings, the plaintiff never disputed that he was in default of his obligations under the promissory note, never disputed the mortgage deed and assignment, which he included with his verified complaint, and accepted that the note provided by the defendants was an accurate copy. Accordingly, we agree with the hearing justice that no genuine issues of material fact existed and that the matter was ripe for summary judgment in favor of the defendants.

# IV

## Conclusion

For the reasons set forth above, the judgment of the Superior Court is affirmed and the record may be remanded thereto.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**


*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**         Desmond A. Leone v. Mortgage Electronic Registration Systems et al.

**CASE NO:**         No. 2013-59-Appeal.
(PC 10-801)

**COURT:**         Supreme Court

**DATE OPINION FILED:**   October 20, 2014

**JUSTICES:**         Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**         Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Mindy C. Montecalvo, Esq.

For Defendant:  William M. Walsh, Esq.