December 15, 2017

**Supreme Court**

No. 2016-135-Appeal.
(PC 11-357)

Juan Pimentel                         :

v.                                   :

Deutsche Bank National Trust Company.    :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Juan Pimentel                              :

v.                                          :

Deutsche Bank National Trust Company.       :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The plaintiff, Juan Pimentel (Pimentel or plaintiff),

appeals from the Superior Court's entry of summary judgment in favor of the defendant

Deutsche Bank National Trust Company (Deutsche Bank as Trustee or defendant).  This case

came before the Supreme Court for oral argument on November 7, 2017, pursuant to an order

directing the parties to appear and show cause why the issues raised in this appeal should not be

summarily decided.  After carefully considering the written and oral submissions of the parties,

we are satisfied that this appeal may be resolved without further briefing or argument.  For the

reasons set forth in this opinion, the judgment of the Superior Court is affirmed.

**I**

**Facts and Travel**

This Court has previously considered circumstances similar to the facts giving rise to

Pimentel's appeal regarding residential mortgages in the wake of the 2008 foreclosure crisis.[1]

On February 4, 2005, Pimentel executed a promissory note for $255,850 in favor of Novelle

---

[1] *See, e.g., Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 530, 530-31 (R.I. 2013); *see also Moura v. Mortgage Electronic Registration Systems, Inc.*, 90 A.3d 852, 853-55 (R.I. 2014).

Financial Services (Novelle). The note was secured by a mortgage to Novelle on certain property located at 158-160 Briggs Street in Providence. The mortgage contained a power-of-sale clause. Four days later, Novelle assigned the mortgage to Deutsche Bank as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3. The assignment was notarized on February 8, 2005, and recorded on February 9, 2005.

Three years later, in February 2008, Pimentel defaulted on the mortgage and he has made no further payments on the note. On December 31, 2009, Novelle issued a correction to the 2005 mortgage assignment to revise a faulty acknowledgement. The corrective assignment was recorded in December 2010. Bank of America, N.A.[2] serviced Pimentel's loan until Select Portfolio Servicing, Inc. (SPS) began servicing it on July 16, 2012. According to defendant, the note was endorsed in blank[3] on an allonge[4] by IMPAC Funding Corporation (Impac) d/b/a Novelle. The plaintiff contends that the note was not endorsed at all because defendant provided unendorsed copies of the note both in correspondence with plaintiff and in bankruptcy proceedings.

Deutsche Bank as Trustee scheduled a foreclosure sale for February 9, 2011. In response, Pimentel filed a complaint in the instant action on January 20, 2011, in Providence County Superior Court, seeking injunctive and declaratory relief, an order to quiet title, as well

---

[2] Bank of America, N.A. is the successor of BAC Home Loans Servicing, LP, which initially serviced the loan.

[3] "An endorsement in blank is one that 'does not identify a person to whom it makes the instrument payable.'" *Mruk*, 82 A.3d at 530 n. 3 (quoting G.L. 1956 § 6A-3-205 cmt. 2). As a result, such "an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." *Id.* (quoting § 6A-3-205(b)).

[4] "An 'allonge' is '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'" *Moura*, 90 A.3d at 853 n. 1 (quoting *NV One, LLC v. Potomac Realty Capital, LLC*, 84 A.3d 800, 803 n. 4 (R.I. 2014) and Black's Law Dictionary 88 (9th ed. 2009)).

as compensatory damages for the purported illegal foreclosure action. Pimentel's complaint alleged that Deutsche Bank as Trustee was unable to foreclose on the mortgage because it did not hold Pimentel's note. On the same day, the Superior Court issued a temporary restraining order enjoining the foreclosure sale.

On June 23, 2015, defendant filed a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. The defendant attached three affidavits in support of its motion. One affidavit was from Mark Syphus, a document-control officer for SPS, who attested that he had access to Pimentel's loan records. The affidavit provided that Deutsche Bank as Trustee held the note, and a copy of the note was attached to the affidavit. In addition to the note, the following four documents were attached to Syphus's affidavit: a copy of the mortgage, a copy of the assignment of the mortgage, a copy of the corrective assignment, and a copy of the loan's payment history, evidencing Pimentel's default. The defendant also provided an affidavit from its attorney, to which plaintiff's more responsive answers to interrogatories were attached.

Pimentel objected to the motion, arguing that genuine issues of material fact existed to support his argument that Deutsche Bank as Trustee did not own the note or the mortgage, and, in fact, was a nonexistent entity. In support of his objection, Pimentel filed a number of exhibits with the Superior Court, including four copies of the note that were given to him at different times and were purportedly not endorsed. Pimentel also filed a number of online records demonstrating the dates that Novelle and Impac were terminated as entities, as well as information regarding the Ixis Real Estate Capital Trust 2005-HE3.

On January 25, 2016, a Superior Court justice heard arguments on defendant's motion for summary judgment and ultimately granted it. The hearing justice determined that defendant

need be only the mortgagee in order to foreclose on a mortgage in Rhode Island, and that it need not be the note holder as well. However, the hearing justice did remark that Deutsche Bank as Trustee had provided an endorsed copy of the note, supported by an affidavit attesting to the fact that defendant held the note. The hearing justice then determined that the 2009 corrective assignment was valid, relying on a Massachusetts Superior Court decision[5] holding that a corrective assignment is valid and binding, and also referencing defendant's "competent evidence of a valid assignment." Finally, the hearing justice concluded that defendant was in fact the mortgagee and was entitled to foreclose on the mortgage, and he granted the motion for summary judgment. The plaintiff timely appealed to this Court.

## II

### Standard of Review

We review a ruling on a motion for summary judgment *de novo*. *Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 532 (R.I. 2013). "We 'view[] the evidence in the light most favorable to the nonmoving party.'" *Genao v. Litton Loan Servicing, L.P.*, 108 A.3d 1017, 1020 (R.I. 2015) (quoting *Mruk*, 82 A.3d at 532). "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." *Mruk*, 82 A.3d at 532 (quoting *Swain v. Estate of Tyre*, 57 A.3d 283, 288 (R.I. 2012)). Moreover, we will "affirm a grant of summary judgment if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *.'" *Genao*, 108 A.3d at 1021 (quoting *Beauregard v. Gouin*, 66 A.3d 489, 493 (R.I. 2013)). Further, a demonstration of

---

[5] *See Kitner v. Mortgage Lenders Network USA, Inc.*, 2013 WL 1324899 (Mass. Super. Feb. 8, 2013), *aff'd on other grounds*, 20 N.E.3d 981 (Mass. App. Ct. 2014).

- 4 -

"mere factual disputes will not defeat summary judgment; 'the requirement is that there be no *genuine* issue of *material* fact.'" *Moura v. Mortgage Electronic Registration Systems, Inc.*, 90 A.3d 852, 856 (R.I. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III

## Discussion

## A

## Issues on Appeal

Pimentel raises a number of arguments on appeal. First, he contends that summary judgment was not warranted because there is a genuine dispute of material fact as to whether Deutsche Bank as Trustee actually existed under that name and whether it possessed the note. Pimentel also maintains that the hearing justice erred in granting summary judgment for defendant because the note was not endorsed by Novelle. Furthermore, he avers that the assignment was invalid because it was assigned to Deutsche Bank as Trustee, a nonexistent entity. In addition, Pimentel argues that the assignment was invalid because Novelle had no ownership interest in the mortgage when it assigned it to Deutsche Bank as Trustee. Finally, plaintiff avers that judicial estoppel precluded defendant from presenting a version of the note in these proceedings that differs from the version presented in bankruptcy court.

The defendant maintains that plaintiff's arguments regarding the validity of the 2005 assignment are irrelevant because the 2009 assignment is the basis for Deutsche Bank as Trustee's attempted foreclosure and a foreclosing entity need only be the mortgagee under our case law. The defendant also argues that Pimentel lacks standing to argue that the mortgage was assigned to an entity that did not exist or that the assignment from Novelle to Deutsche Bank as

- 5 -

Trustee was a violation of the trust's pooling and servicing agreement.[6] In the alternative, defendant contends that it has demonstrated that it does indeed hold the note and plaintiff has not supported his protestations with any sufficient evidence to the contrary. Finally, defendant maintains that plaintiff's argument regarding judicial estoppel fails because, in supporting his claims, plaintiff relies on documents he received outside of the present litigation.

## B

### Validity of the Foreclosure Sale

The defendant contends that we need not reach plaintiff's arguments regarding whether the note was endorsed because, under Rhode Island case law, a mortgagee may foreclose even if it does not hold the note. As we have repeatedly said in a long line of cases stemming from *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013), a mortgagee need not hold the note in order to foreclose on a property. *See Leone v. Mortgage Electronic Registration Systems*, 101 A.3d 869, 874 (R.I. 2014) (citing *Mruk*, 82 A.3d at 537). Based on the facts of this case, we see no reason not to extend to non-MERS cases the principles that we have espoused in MERS cases. *See Bucci*, 68 A.3d at 1085-87. Accordingly, so long as Deutsche Bank as Trustee is the mortgagee, it can foreclose on Pimentel's property, regardless of whether it holds the note. *See Leone*, 101 A.3d at 874.

A corrective assignment is an accepted means of remedying errors in an assignment. *See Genao*, 108 A.3d at 1019 n. 3 (acknowledging that a corrective assignment of a mortgage made more than two years after the original assignment was to address a scrivener's error "regarding

---

[6] While we have said in the past that residential home mortgagors have standing to challenge "'invalid, ineffective, or void' assignment[s] of [a] mortgage," here, plaintiff has not provided any evidence that would establish a genuine issue of material fact as to whether the assignment of his mortgage was void as opposed to "merely voidable." *Mruk*, 82 A.3d at 536 (quoting *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2015)).

the notary date" in the first assignment). Here, plaintiff has failed to provide any sufficient evidence beyond investigations that were conducted on the Internet to challenge the validity of the corrective assignment that assigns the mortgage from Novelle to Deutsche Bank as Trustee. He has provided evidence that Novelle forfeited its corporate charter in Delaware on June 6, 2010, and that its Rhode Island status as a corporation was revoked on June 25, 2010. However, the corrective assignment was executed on December 31, 2009, in advance of Novelle's dissolution. *See Juárez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 278 (1st Cir. 2013) ("[A] valid assignment of a mortgage gives the holder of that mortgage the statutory power to sell after a default regardless [of] whether the assignment has been recorded." (quoting *U.S. Bank National Association v. Ibanez*, 941 N.E.2d 40, 55 (Mass. 2011))). As such, given that Pimentel has not satisfied his burden of demonstrating that there is a genuine issue of material fact; and, based on the evidence of record, Deutsche Bank as Trustee is the mortgagee. *See Genao*, 108 A.3d at 1021; *see also Leone*, 101 A.3d at 874.

Even assuming, *arguendo*, that Deutsche Bank as Trustee must be the holder of the note in order to foreclose, defendant has provided a copy of the note with an allonge that demonstrates that the note was endorsed, along with an affidavit attesting that it holds the note. The plaintiff's submissions of previous copies of the unendorsed notes are insufficient to raise a genuine issue of material fact because he has failed to "fulfill his 'burden of proving by competent evidence the existence of a disputed issue of material fact * * *.'" *Deutsche Bank National Trust Co. for Registered Holders of Ameriquest Mortgage Securities, Inc. v. McDonough*, 160 A.3d 306, 312 (R.I. 2017) (quoting *Plainfield Pike Gas & Convenience, LLC v. 1889 Plainfield Pike Realty Corp.*, 994 A.2d 54, 57 (R.I. 2010)) (noting that "[b]eyond appending two allegedly unendorsed copies of the note, [the] defendant has not set forth a

scintilla of competent evidence to rebut [the] plaintiff's showing that there is no genuine issue of fact with respect to whether the note was endorsed").

Moreover, the plaintiff has lived at the Briggs Street property since 2008 without making a mortgage payment. We echo the First Circuit's language to describe the necessary outcome in this situation: "the piper must be paid." *Summers v. Financial Freedom Acquisition LLC*, 807 F.3d 351, 353 (1st Cir. 2015). Accordingly, we uphold the hearing justice's grant of the defendant's motion for summary judgment.[7] *See McDonough*, 160 A.3d at 313.

## IV

## Conclusion

For the reasons stated herein, we affirm the Superior Court's judgment. The record shall be remanded to that tribunal.

---

[7] The plaintiff's arguments that deal with the possession of the note, including judicial estoppel, are of no concern to us because we have clearly expressed that a mortgagee need not hold the note to foreclose. *See Leone v. Mortgage Electronic Registration Systems*, 101 A.3d 869, 874 (R.I. 2014); *see also Shorrock v. Scott*, 944 A.2d 861, 864 (R.I. 2008) (explaining that generally "the application of [judicial] estoppel is an extraordinary form of relief[] that 'will not be applied unless the equities clearly [are] balanced in favor of the part[y] seeking relief'" (quoting *Gaumond v. Trinity Repertory Co.*, 909 A.2d 512, 519 (R.I. 2006))).

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Juan Pimentel v. Deutsche Bank National Trust Company. |
| **Case Number** | No. 2016-135-Appeal. (PC 11-357) |
| **Date Opinion Filed** | December 15, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: John B. Ennis, Esq. |
| | For Defendant: Harris K. Weiner, Esq. |