**Supreme Court**

No. 2013-184-Appeal.
(KC 10-1681)

Thomas H. McGovern, III    :

v.    :

Bank of America, N.A. et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Thomas H. McGovern, III   :

v.       :

Bank of America, N.A. et al.  :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  The plaintiff Thomas H. McGovern, III (McGovern or plaintiff) appeals from the Superior Court's grant of summary judgment in favor of the defendants Bank of America, N.A. (Bank of America), BAC Home Loans (BAC),[1] Federal Home Loan Mortgage Corporation (FHLMC),[2] and Celtic Roman Group, LLC (collectively, defendants).  This case came before the Court on May 13, 2014 pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the parties' arguments and reviewing their written submissions, we are satisfied that cause has not been shown.  For the reasons set forth below, we affirm the judgment of the Superior Court.

---

[1] Sometime during the pendency of this suit, Bank of America became the successor by merger to BAC Home Loans.  Prior to the merger, BAC Home Loans was the servicer on the loan and a subsidiary of Bank of America.

[2] FHLMC is commonly known as "Freddie Mac."

# I

## Facts and Travel

On August 7, 2001, plaintiff and his wife[3] signed an adjustable-rate note (note) evidencing a loan from Bank of America for a principal amount of $180,000. On the same date, McGovern and his wife executed a mortgage on the property[4] that secured the loan. Both the note and the mortgage designate Bank of America as the "Lender," and the mortgage additionally designates Bank of America as the "mortgagee." The mortgage explicitly grants the "Lender" the statutory power of sale.

By letter dated February 19, 2010, Bank of America notified plaintiff of its intent to exercise its right to foreclose upon the property at a sale scheduled for April 21, 2010. The letter indicated that plaintiff had defaulted on his loan and failed to cure the default.[5] Notice of the scheduled foreclosure sale appeared in the Kent County Daily Times during four successive weeks, starting on Monday, March 29, 2010 and running through Monday, April 19, 2010.

The foreclosure sale did not take place as scheduled on April 21, 2010. Instead, the sale was adjourned to afford plaintiff an opportunity to determine whether he was eligible for assistance from the Home Affordable Modification Program (HAMP).[6] While plaintiff was

---

[3] The plaintiff's wife, Carol McGovern, passed away sometime after the mortgage was executed but before plaintiff filed suit.

[4] The note and the mortgage indicate that the subject property is located at 159 Spencer Woods Drive, East Greenwich, Rhode Island, but the mortgage was recorded in the Land Evidence Records for the City of Warwick at Book 3704, page 142. An appraisal report contained in the record states that "[t]he subject property is located in the City of Warwick, R[hode] I[sland]. The property taxes are for the [City] of Warwick * * *. All city services are supplied by the City of Warwick (fire, police, sanitation)." The appraisal explains, however, that "[d]ue to the [property]'s proximity to the City of Warwick/Town of East Greenwich line, the subject property has a mailing address of 159 Spencer Woods Drive[,] East Greenwich, RI 02818."

[5] As discussed below, plaintiff disputes that his loan was in default.

[6] The Home Affordable Modification Program helps eligible homeowners avoid foreclosure by modifying their existing loans.

making inquiries about HAMP, the sale was rescheduled several times. Notice of the rescheduled foreclosure sales continued to appear in the Kent County Daily Times on a weekly basis from April 26, 2010 through July 26, 2010.[7] The plaintiff ultimately was unable to obtain assistance from HAMP.

When the foreclosure auction was held on July 27, 2010, Celtic Roman Group, LLC (Celtic) placed a successful bid of $192,600. Before Celtic could close on the property, however, plaintiff filed a notice of lis pendens in the land evidence records for the City of Warwick. The plaintiff then filed a verified complaint on November 18, 2010 in Kent County Superior Court. In his complaint, plaintiff alleged: (1) Bank of America was not the holder of the note at the time of foreclosure; (2) he was not in arrears on his loan payments; and (3) Bank of America "never mailed [him] a new mortgage foreclosure notice * * *." The plaintiff requested that the court declare the foreclosure sale invalid and vest title to the property in his name. After Celtic was permitted to intervene in the litigation, defendants filed a joint motion for summary judgment on June 27, 2011.

In support of their motion for summary judgment, defendants submitted an affidavit from Sharon Mason, a vice president of BAC, in which Ms. Mason swore that Bank of America held the note and the mortgage at all times from the date of execution through the date of the foreclosure sale. A copy of the note endorsed in blank was attached to Ms. Mason's affidavit. The defendants additionally submitted an affidavit from Felisha Jackson, an employee of Bank of America, who also swore that Bank of America held both the mortgage and the note from the date of execution through the foreclosure sale. Ms. Jackson stated that, as of February 19, 2010, plaintiff was in arrears on his loan payments and had failed to cure the default at any time prior

---

[7] The foreclosure sale was rescheduled four times for May 24, 2010, June 9, 2010, June 30, 2010, and July 14, 2010, before it eventually took place on July 27, 2010.

to July 27, 2010. A history of all activity on plaintiff's account from February 2010 to July 2010, attached to Ms. Jackson's affidavit, indicated that plaintiff had not made any payments during that time period.

In opposition to defendants' motion, plaintiff submitted two personal affidavits, in which he swore that Bank of America did not own the note at the time of the foreclosure sale. The plaintiff attached a letter dated July 6, 2010 from an attorney purporting to represent BAC, in which the attorney stated that "[t]he current owner of the note is FHLMC."[8] In his second affidavit, plaintiff again swore that "Bank of America did not own my promissory note on the date that it foreclosed on my property." The plaintiff did not come forward with any evidence to counter defendants' evidence that he had defaulted on his loan. In fact, a copy of plaintiff's loan payment history submitted with one of his affidavits indicates that no payments were made after May 15, 2009.

In a written decision filed on March 26, 2013, a Superior Court trial justice granted defendants' motion for summary judgment. The trial justice found that, based upon the undisputed facts, Bank of America had complied with all statutory notice requirements. He additionally found that there might be a genuine issue of fact as to who had possession of the note at the time of foreclosure but reasoned that this issue was immaterial. Finally, the trial justice pointed out that defendants had submitted affidavits and copies of the payment history for the loan as proof that plaintiff had defaulted on the loan. The plaintiff had failed to offer any evidence in response except a statement in his verified complaint that "[t]he Mortgage is not in

---

[8] The letter indicates that it was sent in response to plaintiff's Qualified Written Request (QWR) for information about his mortgage. Under 12 U.S.C. § 2605(e), a loan servicer is required to provide certain information in response to a QWR submitted by a borrower.

arrears." The trial justice reasoned that this conclusory statement was insufficient to withstand a motion for summary judgment.

An order granting defendants' motion for summary judgment entered on April 26, 2013. A final judgment declaring the foreclosure sale valid and discharging the notice of lis pendens entered the same day. The plaintiff timely appealed to this Court.

## II

## Standard of Review

This Court reviews de novo a hearing justice's grant of summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. Sisto v. American Condominium Association, Inc., 68 A.3d 603, 611 (R.I. 2013). We "employ[] the same standards and rules used by the hearing justice." Empire Fire and Marine Insurance Cos. v. Citizens Insurance Co. of America/Hanover Insurance, 43 A.3d 56, 59 (R.I. 2012) (quoting Generation Realty, LLC v. Catanzaro, 21 A.3d 253, 258 (R.I. 2011)). "If we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." Pereira v. Fitzgerald, 21 A.3d 369, 372 (R.I. 2011) (quoting Lacey v. Reitsma, 899 A.2d 455, 457 (R.I. 2006)).

## III

## Discussion

On appeal, plaintiff generally alleges that there were three sources of error in the trial justice's grant of summary judgment. He targets the trial justice's conclusions on the issues of (1) proof of default; (2) notice of the adjourned foreclosure sale; and (3) the identity of the note-holder. In response, defendants contend that summary judgment was appropriate given the absence of any material factual issues.

## A

## Proof of Default

McGovern challenges the trial justice's determination that there was no genuine issue of fact as to whether he had defaulted on his loan. He contends that the trial justice incorrectly placed the burden on him to come forth with evidence that he was not in default.

We may expeditiously dispatch with this allegation of error. Contrary to plaintiff's assertion, the trial justice's decision contains a textbook recitation of the standard for granting summary judgment, followed by a faultless application of that standard. As we have often explained, "[o]nce 'the moving party establishes grounds for [summary] judgment, the opposing party, who counters that there is a material factual dispute, * * * must set forth specific facts that would constitute a genuine issue for resolution at trial.'" Riel v. Harleysville Worcester Insurance Co., 45 A.3d 561, 570 (R.I. 2012) (quoting Salisbury v. Stone, 518 A.2d 1355, 1358 (R.I. 1986)). The plaintiff is therefore correct that "[t]he moving party bears the initial burden of establishing the absence of a genuine issue of fact." Robert B. Kent et al., Rhode Island Civil Procedure § 56:5, VII-28 (West 2006). What plaintiff overlooks, however, is that "[t]he burden then shifts * * * and the nonmoving party has an affirmative duty to demonstrate * * * a genuine issue of fact." Id.

Here, Bank of America submitted competent evidence, in the form of Ms. Jackson's affidavit and an authenticated copy of the payment history for the loan, to prove that plaintiff was in arrears on his loan as of February 2010 and failed to cure the default prior to the foreclosure sale. Faced with such evidence, plaintiff was required to come forward with competent evidence of his own to establish a genuine issue of fact. See Plainfield Pike Gas & Convenience, LLC v. 1889 Plainfield Pike Realty Corp., 994 A.2d 54, 57 (R.I. 2010) (The "party

'opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact * * *.'") (quoting D'Allesandro v. Tarro, 842 A.2d 1063, 1065 (R.I. 2004)).

Neither of plaintiff's two affidavits indicates that he was current on his loan payments. The only such assertion contained in the record appears in plaintiff's complaint where he makes a one-sentence allegation that his mortgage was not in arrears.[9] This statement is clearly inadequate to withstand summary judgment given our repeated admonition that the nonmoving party "'cannot rest' on allegations, denials in the pleadings, conclusions, or legal opinions." Plainfield Pike Gas & Convenience, LLC, 994 A.2d at 57 (quoting D'Allesandro, 842 A.2d at 1065). "In setting forth specific grounds to establish a factual dispute, the opposing party must present evidence of a substantial nature predicated on more than mere conclusory statements." Riel, 45 A.3d at 570 (quoting Salisbury, 518 A.2d at 1358). Thus, the trial justice correctly determined that plaintiff's conclusory statement was insufficient to withstand defendants' motion for summary judgment.

**B**

**Notice of the Rescheduled Foreclosure Sale**

Although plaintiff argues that the trial justice mischaracterized his notice argument, it instead appears to us that plaintiff's argument on the issue of notice has morphed during its travel from the lower court to this Court.[10] During the proceedings below, plaintiff alleged in his

---

[9] We question how plaintiff could even make such an assertion in light of the fact that one of his own affidavits was accompanied by a payment history which indicated that no payments had been made since May 15, 2009.

[10] Before this Court, plaintiff suggests that any notice issued by Bank of America was void because Bank of America lacked the statutory authority to foreclose. We would ordinarily deem this new version of plaintiff's notice argument waived on appeal based on plaintiff's failure to present it to the trial justice. See Ryan v. Roman Catholic Bishop of Providence, 941 A.2d 174,

complaint that the "foreclosure sale was never re-noticed."  In the memorandum he submitted to the trial justice in opposition to the motion for summary judgment, plaintiff similarly asserted that he "believed that the sale had been cancelled and did not know that the advertisements were still running.  He never received any form of notice of the adjournment and of any future sales date."

The trial justice accurately characterized and squarely addressed these arguments in his decision.  After reviewing the relevant statutes, he found, based on the undisputed facts, that Bank of America satisfied all relevant notice requirements.  We discern no error in the trial justice's conclusions.

The Legislature has addressed the required notice for foreclosure in two statutory provisions.  The statutory power of sale—contained in G.L. 1956 § 34-11-22 and explicitly granted to Bank of America in the mortgage—allows a mortgagee to foreclose by first "mailing written notice of the time and place of sale by certified mail, return receipt requested, to the mortgagor, at his or her or its last known address" and "second, by publishing the same at least once each week for three (3) successive weeks in a public newspaper published daily in the city in which the mortgaged premises are situated * * *."  A mortgagee exercising the statutory power of sale is also allowed "to adjourn [a foreclosure] sale from time to time, provided that publishing of the notice shall be continued, together with a notice of adjournment or adjournments, at least once each week * * *."  Id.  General Laws 1956 § 34-27-4(a), in turn, states that "if [a] sale is adjourned as provided in * * * § 34-11-22, * * * publication of the notice of the adjourned sale, together with a notice of the adjournment or adjournments, shall be

185 (R.I. 2008).  As it happens, however, we indirectly address it in Section III-C of this opinion because in making this argument, plaintiff largely repeats all of his arguments concerning Bank of America's alleged failure to hold the note at the time of the foreclosure sale.

continued at least once each week," and "the sale, as so adjourned, shall take place during the same calendar week in which the last notice of the adjourned sale is published, at least one day after the date on which the last notice is published."

There is no dispute here that plaintiff received proper notice from Bank of America of the original foreclosure sale and that notice of the adjourned sale was continuously published in the Kent County Daily Times on a weekly basis, with the last notice appearing the day before the sale actually took place. The plaintiff's subjective lack of awareness of the continued publication of these advertisements is irrelevant. We therefore agree with the trial justice that the undisputed facts demonstrated that the adjourned foreclosure sale was lawfully noticed.

## C

### Holder of the Note at the Time of Foreclosure

In support of their motion for summary judgment, defendants submitted the affidavits of Ms. Jackson and Ms. Mason as proof that Bank of America held the note at the time of the foreclosure sale. In response, plaintiff submitted a letter purporting to be from counsel for BAC, Dilworth-Paxson, LLP (the Dilworth letter). The Dilworth letter stated that FHLMC owned the note as of July 6, 2010. The trial justice found that Bank of America's affidavits were competent evidence under Rule 56(e), but he noted that defendants had failed to offer an explanation for the Dilworth letter. Accordingly, he stated there might be a genuine factual issue concerning who held the note at the time of foreclosure. The trial justice nevertheless concluded that summary judgment was appropriate because he deemed this factual issue immaterial.

The defendants contended below and reiterate on appeal that there was no genuine issue of material fact concerning Bank of America's possession of the note. They maintain that

plaintiff's affidavit and the Dilworth letter failed to meet the requirements of Rule 56(e).[11] Bank of America challenges the letter as "unattested to," and Celtic likewise emphasizes that the Dilworth letter "was never verified or authenticated in any fashion." We agree.

We have cautioned litigants that "unauthenticated documents * * * are not usually 'competent evidence' worthy of consideration by the court in ruling on a motion for summary judgment. Documents typically must be properly authenticated in order to qualify as admissible evidence." Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 632 n.3 (R.I. 1998) (citing Rule 901 of the Rhode Island Rules of Evidence). Authentication is not a high hurdle to clear: Rule 901(a) merely requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." This Court has taken a flexible and pragmatic approach to Rule 901 by allowing "a document's authenticity [to] be established in any number of different ways."[12] Rhode Island Managed Eye Care, Inc. v. Blue Cross & Blue Shield of Rhode Island, 996 A.2d 684, 691 (R.I. 2010). For summary-judgment purposes, the "task [of authentication] can be accomplished in the usual course by submitting an affidavit of a person

_____

[11] Rule 56(e) of the Superior Court Rules of Civil Procedure requires that:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

[12] For example, there is authority that allows "a letter [to] be authenticated by content and circumstances indicating it was in reply to a duly authenticated one," under the so-called "Reply-Letter Doctrine." Advisory Committee Notes to Rule 901(b)(4) of the Federal Rules of Evidence; see also Advisory Committee Notes to R.I. R. Evid. 901(b)(4) (noting that "[t]he 'reply letter' doctrine is a familiar specific example of * * * authentication" by the method listed in Rule 901(b)(4)). At the very least, however, authentication pursuant to this doctrine requires the proponent "to prove that the first letter was dated, was duly mailed at a given time and place, and was addressed to [the sender of the reply-letter]." 2 McCormick on Evidence § 224 at 95 (7th ed. 2013). The plaintiff here did not offer proof of any of these circumstances.

with personal knowledge of the documents who can attest to their authenticity and qualify them as admissible evidence." Superior Boiler Works, Inc., 711 A.2d at 632 n.3; see Charles Alan Wright et al., 10A Federal Practice and Procedure: Civil § 2722 at 382-84 (1998) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

Here, plaintiff made no attempt to authenticate the Dilworth letter in any manner or by any means. The only affidavits he submitted were his own. Each of these affidavits goes no further than to swear that he "reviewed a QWR * * * response from Dilworth Paxson, LLP on behalf of BAC Home Loans Servicing, LP, dated July 6, 2010." In these circumstances, even a flexible approach to authentication will not stretch so far as to allow consideration of the Dilworth letter. We therefore conclude that plaintiff failed to submit any competent evidence to counter Bank of America's evidence that it held the note at the time of foreclosure.[13] Given this failure, summary judgment was appropriate. Accordingly, although we disagree with the trial justice's suggestion that there may have been a genuine factual issue concerning the holder of the note, we nonetheless uphold his decision to grant summary judgment by following "our precedent of 'affirm[ing] the orders and judgments of a trial court when * * * there are other valid reasons to support the order or judgment appealed from.'" Levine v. Bess Eaton Donut Flour Co., Inc., 705 A.2d 980, 984 (R.I. 1998) (quoting Gross v. State, Division of Taxation, 659 A.2d 670, 672 (R.I. 1995)).

---

[13] In his second affidavit, plaintiff additionally swore that a response he received to an inquiry that he submitted on FHLMC's website confirmed that FHLMC "is the owner of my mortgage." The plaintiff submitted a print-out from the website with his affidavit. This information was also unauthenticated, and it does not appear that the trial justice gave it any consideration.

Upon carefully considering the volley of other arguments that the plaintiff has directed at us in this appeal, we conclude that those arguments are either unpersuasive or waived due to the plaintiff's failure to present them to the trial justice.  See Ryan v. Roman Catholic Bishop of Providence, 941 A.2d 174, 185 (R.I. 2008) ("[T]his Court will not address arguments raised on appeal that were not presented to the trial justice for review.").

## IV

## Conclusion

For the reasons discussed in this opinion, we affirm the judgment of the Superior Court. The record in this case may be remanded to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Thomas H. McGovern, III v. Bank of America, N.A. et al.

**CASE NO:**  No. 2013-184-Appeal.
(KC 10-1681)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  June 9, 2014

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty**,** Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**  Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:  George E. Babcock, Esq.

For Defendants:  Eva M. Massimino, Esq.