May 11, 2018

**Supreme Court**

No. 2017-73-Appeal.
(PC 14-622)

Christine Adams et al.                    :

v.                    :

Santander Bank, N.A.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Christine Adams et al.          :

v.                              :

Santander Bank, N.A.            :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

### O P I N I O N

**Justice Flaherty, for the Court.**  The plaintiffs, Christine Adams and George J. Adams, Jr., appeal from a judgment of the Superior Court in favor of the defendant, Santander Bank, N.A.[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral arguments, and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth below, we affirm the judgment of the Superior Court.

---

[1] There appears to be some confusion as to whether George Adams remains involved in this case. Our review of the record reveals that Mr. Adams signed the notice of appeal.  However, there is no docketed entry of appearance of an attorney representing Mr. Adams nor has Mr. Adams filed anything with this Court since the appeal was docketed.  Moreover, Mr. Adams did not appear at oral argument.  Therefore, although the outcome of this appeal remains unchanged, it would appear that Christine Adams is the only plaintiff properly before this Court.

# I

## Facts and Travel

On February 19, 2013, Santander conducted a foreclosure sale on property located in Pawtucket. According to a complaint filed in February 2014, that property was owned by Christine Adams. In that complaint, Christine Adams sued Santander, alleging that she was the owner of the property and that Santander had improperly foreclosed on it. The complaint also alleged that plaintiff had filed for bankruptcy in advance of Santander's scheduled foreclosure sale, which, she alleged, should have operated to stay the sale.[2] The plaintiff also moved for and obtained a temporary restraining order enjoining Santander from selling or transferring the Pawtucket property.[3]

Several months later, plaintiff amended her complaint. In addition to reasserting her claim that Santander improperly foreclosed on her property during the pendency of her bankruptcy, plaintiff alleged that Santander had failed to comply with the notice requirements set forth in G.L. 1956 §§ 34-27-4(a) and 34-27-4(b) before it conducted the February 19 sale. Respectively, she asserted that § 34-27-4(a) required Santander to give notice of the foreclosure sale by publication "at least once per week for three consecutive weeks" and that § 34-27-4(b) required Santander to give her proper notice by certified mail within thirty days of the publication of the foreclosure sale. In plaintiff's view, Santander did neither.

---

[2] By the time Christine Adams filed suit in February 2014, her bankruptcy case had been closed for several months. After filing for bankruptcy in January 2013, she voluntarily dismissed her petition for bankruptcy just a month later. According to the record, that case was closed in April 2013.

[3] The motion was based on an affidavit in which Christine Adams stated that she "was the lawful owner" of the property when she filed for bankruptcy prior to the date of foreclosure. Although the record does not specifically indicate what happened to the temporary restraining order that Christine Adams obtained in February 2014, Santander later moved to dissolve it.

In September 2014, plaintiff amended her complaint for a second and final time. This time, she narrowed the focus of the lawsuit against Santander. She dropped her claim that Santander improperly held the foreclosure sale while her bankruptcy case was pending. That left but a single claim: that Santander did not comply with the notice provisions set forth in §§ 34-27-4(a) and 34-27-4(b). However, in addition to narrowing the focus of the complaint, plaintiff also added a second plaintiff, her father, George Adams. As noted in the motion to amend, it was George,[4] not Christine, who was "the individual with whom Santander executed a mortgage" on the Pawtucket property.[5]

In July 2016, Santander moved for summary judgment and filed a detailed memorandum, attached to which were thirty exhibits documenting George's default on the promissory note that was secured by the mortgage on the Pawtucket property, as well as Santander's efforts to foreclose on that property. Included in those exhibits were three documents of particular relevance: a letter dated November 16, 2012, sent by certified mail to George at the address of the Pawtucket property; a letter sent on the same date to Christine by certified mail to the address of the Pawtucket property; and an affidavit of Santander's foreclosure counsel stating that notice of the foreclosure sale had been published in The Providence Journal on December 18, 2012, December 25, 2012, and January 1, 2013. Based on the evidence it proffered, Santander argued that it had complied with the statutory notice provisions of §§ 34-27-4(a) and 34-27-4(b) before the February 19, 2013 sale.

---

[4] Where necessary and in the interest of clarity, we refer to the parties by their first names. In doing so, no disrespect is intended.

[5] Apparently, through a series of transactions, which Santander characterizes as "evasive maneuvers," Christine Adams, along with her son, obtained title to the property in March 2012. Although there may have been fertile ground for Santander to challenge whether she had standing to bring this case, that issue was not raised below and we need not address it now.

In response, counsel for plaintiffs filed a one-page memorandum in opposition to the motion for summary judgment. In that document, plaintiffs' counsel cited two reasons for opposing the motion. First, he wrote, "the [p]laintiffs state that there remain genuine issues of material fact such that [Santander] is not entitled to [s]ummary [j]udgment, as a matter of law." He did not, however, elaborate on or even identify the material facts that he claimed were in dispute. Second, he averred "that discovery is ongoing," and that forthcoming depositions of Santander's employees would "call into question the validity of the mortgage document * * *." The record reveals that, aside from filing that cursory memorandum in opposition to Santander's motion, there were no documents, depositions, or affidavits produced to counter Santander's evidence of its compliance with §§ 34-27-4(a) and 34-27-4(b).

Therefore, it should come as no surprise that, after a hearing in December 2016, a justice of the Superior Court granted Santander's motion, and judgment entered shortly thereafter. It is from that judgment that plaintiffs appeal.

## II

## Standard of Review

"This Court reviews a trial court's grant of summary judgment *de novo*." *Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 532 (R.I. 2013). Like the trial justice, "[i]n deciding a motion for summary judgment, [we] view[] the evidence in the light most favorable to the nonmoving party." *Id.* "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and * * * the moving party is entitled to prevail as a matter of law." *Id.* (quoting *Swain v. Estate of Tyre*, 57 A.3d 283, 288 (R.I. 2012)). Once a party has moved for summary judgment, "[t]he nonmoving party bears

the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Daniels v. Fluette*, 64 A.3d 302, 304 (R.I. 2013)). Still, we are mindful "that summary judgment is to be employed cautiously because it is such an extreme remedy[.]" *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 394 (R.I. 2008).

## III

### Discussion

This appeal has less to do with whether Santander properly noticed the foreclosure sale of the Pawtucket property than it has to do with plaintiffs' burden in responding to Santander's motion for summary judgment. The plaintiffs first argue that Santander failed to comply with the notice provisions of §§ 34-27-4(a) and 34-27-4(b). As a result, they aver, Santander's foreclosure is null and void. Yet, as Santander points out, plaintiffs have produced no evidence to back up their claims. Indeed, the only evidence in the record reveals that Santander did in fact give notice of its foreclosure sale of the Pawtucket property in compliance with §§ 34-27-4(a) and 34-27-4(b). The plaintiffs' bare assertions otherwise—"that there remain genuine issues of material fact" and that "discovery is ongoing"—fall well short of "proving by competent evidence the existence of a disputed issue of material fact * * *." *Mruk*, 82 A.3d at 532 (quoting *Daniels*, 64 A.3d at 304). "As we have often explained, '[o]nce the moving party establishes grounds for [summary] judgment, the opposing party, who counters that there is a material factual dispute, * * * must set forth specific facts that would constitute a genuine issue for resolution at trial.'" *McGovern v. Bank of America, N.A.*, 91 A.3d 853, 858 (R.I. 2014) (quoting *Riel v. Harleysville Worcester Insurance Co.*, 45 A.3d 561, 570 (R.I. 2012)). Once Santander established that it complied with §§ 34-27-4(a) and 34-27-4(b), plaintiffs "ha[d] an affirmative

duty to demonstrate * * * a genuine issue of fact" showing otherwise. *Id.* (quoting Robert B. Kent et al., *Rhode Island Civil Procedure* § 56:5, VII-28 (West 2006)). This they have failed to do.

Moreover, plaintiffs contend that summary judgment is improper here because, as they allege, Santander also failed to comply with a notice provision that is contained in the mortgage.[6] However, our review of the record indicates that this is the first time they have raised such an argument, thereby implicating our "raise-or-waive" rule. As we have explained, "[i]n accordance with this Court's longstanding 'raise-or-waive' rule, if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal." *Miller v. Wells Fargo Bank, N.A.*, 160 A.3d 975, 980 (R.I. 2017).

The record reveals that nowhere in the complaint, first amended complaint, or second amended complaint is there any mention of or reference to a notice provision in the mortgage itself. In their second amended complaint, plaintiffs squarely presented the issue of Santander's adherence to the aforementioned statutory notice provisions. However, that complaint is silent with respect to any contractual notice provision. Moreover, the memorandum in opposition to Santander's motion for summary judgment says nothing about contractual notice.

Further compounding plaintiffs' problem on this point is the fact that neither Christine nor George ordered or produced to this Court a transcript of the December 2016 summary judgment hearing. This is a concrete example of the sort of "risky business" associated with failing to order a transcript of the proceeding below. *See Bellevue-Ochre Point Neighborhood Association v. Preservation Society of Newport County*, 151 A.3d 1223, 1229 n.8 (R.I. 2017) ("The decision to pursue an appeal without ordering the full transcript of the Superior Court

---

[6] The plaintiffs have neither provided this Court with a copy of that mortgage nor directed us to the pertinent notice provision contained therein.

- 6 -

proceeding is 'risky business.'" (quoting *Holden v. Salvadore*, 964 A.2d 508, 513 (R.I. 2009))).

We conclude without hesitation that the issue of whether Santander complied with any contractual pre-foreclosure notice provision has been waived. *See Miller*, 160 A.3d at 980.[7]

## IV

## Conclusion

After reviewing the record and considering the arguments of the parties, we hold that, because there is no genuine issue of material fact with respect to whether Santander complied with the notice requirements of §§ 34-27-4(a) and 34-27-4(b), summary judgment was appropriate in this case. *See Mruk*, 82 A.3d at 532. Accordingly, we affirm the judgment of the Superior Court. The papers shall be remanded to that court.

---

[7] The plaintiffs also argue that Santander failed to comply with certain Treasury Regulations. However, this argument, which was raised for the first time on appeal, was not developed to any extent, leaving us unable to consider or discuss it. *See Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.").

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Christine Adams et al. v. Santander Bank, N.A. |
| **Case Number** | No. 2017-73-Appeal. (PC 14-622) |
| **Date Opinion Filed** | May 11, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen Keough |
| **Attorney(s) on Appeal** | For Plaintiff: Corey J. Allard, Esq. |
| | For Defendant: Matthew A. Kane, Esq. |

SU-CMS-02A (revised June 2016)