**Supreme Court**
No. 2017-268-Appeal.

Lori Rosa                                    :

v.                                    :

Vericrest Financial, a.k.a. Caliber Home    :
Loans, et al.

**O R D E R**

The plaintiff, Lori Rosa, appeals from the Superior Court's entry of final judgment pursuant to the grant of summary judgment in favor of the defendant, Vericrest Financial, Inc., which is now known as Caliber Home Loans, Inc. (Caliber). This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral submissions of the parties, we are of the opinion that the appeal may be resolved without further briefing or argument.

On January 28, 2005, Ms. Rosa executed a promissory note to Citizens Mortgage Corporation[1] secured by a mortgage on property located at 30 Hanson Road in Barrington (the Property).[2] Ms. Rosa later fell behind in her mortgage payments and failed to pay real estate taxes. Caliber, as the loan servicer for the mortgage holder, requested that M&M Mortgage Services (M&M) inspect the Property. After inspecting the Property, M&M notified Caliber that the Property appeared to be vacant, and it recommended that the front door lock be changed.

---

[1]     The note and mortgage were later assigned to U.S. Bank Trust, N.A., as Trustee for VOLT Asset Holdings NPL3.

[2]     Although the relevant documents indicate that Gary R. Rosa was also a mortgagor, he is not a named party in this action.

Caliber authorized M&M to change the front door lock, which was accomplished on October 4, 2011. Ms. Rosa returned home on that date to find that the front door lock had been changed, but she was able to enter the Property through the back door, where the lock remained unchanged. On April 6, 2013, M&M placed a notice on the front door stating that the Property appeared to be vacant or abandoned.

On October 3, 2014, Ms. Rosa filed a three-count complaint against Caliber, M&M, and John Doe Mortgage Service, alleging breach of contract, trespass, and conspiracy to trespass.[3] Caliber moved for summary judgment on all three counts, asserting that, under the terms of the mortgage, it had the right to enter the Property and engage in lock changing because Ms. Rosa was in default. The hearing justice granted summary judgment for Caliber on that basis.

On appeal, Ms. Rosa argues that the hearing justice erred in granting summary judgment in Caliber's favor; she contends: (1) that genuine issues of material fact remained as to Caliber's right to enter the Property in the event of default and/or abandonment; and (2) that the hearing justice incorrectly interpreted and applied paragraph nine of the mortgage.[4]

As an agent of the lender, Caliber's rights with respect to the Property are governed by the terms of the note and mortgage. When certain circumstances arise, paragraph nine of the mortgage expressly authorizes the lender to take certain "reasonable or appropriate" steps to protect its interest in the Property including, *inter alia*, "securing and/or repairing the Property." One of the circumstances which triggers the just-referenced right is when the "Borrower fails to

---

[3]    According to the record, M&M and John Doe Mortgage Service were never served with the complaint. Therefore, these entities are not parties to this action.

[4]    Ms. Rosa also argues on appeal that paragraph nine is unenforceable and against public policy and that Caliber's actions breached the implied covenant of good faith and fair dealing. As these arguments were not raised below, we will not consider them on appeal. *See Adams v. Santander Bank, N.A.*, 183 A.3d 544, 548 (R.I. 2018).

perform the covenants and agreements contained in this Security Instrument * * *."[5] The minimal actions which Caliber took in this case in an effort to protect its interest clearly constitute an effort to secure the Property as expressly authorized by paragraph nine.

Paragraph seven of the note provides that the borrower will be in default if the borrower "do[es] not pay the full amount of each monthly payment on the date it is due * * *." In support of its motion for summary judgment, Caliber submitted an affidavit of its Default Servicing Officer, stating that "[a]t all relevant times, [Ms. Rosa] has been in default of the Mortgage by failing to pay real estate taxes and the required monthly mortgage payments, among other things." Ms. Rosa did not submit any evidence to the contrary. In fact, during the hearing on Caliber's motion for summary judgment, Ms. Rosa's trial attorney conceded on the record that she was in default. As such, it is our view that the hearing justice correctly ruled that Caliber had the right to enter the Property and to change the front door lock.

For the reasons set forth in this order, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this _20th_ day November, 2019.

By Order,

_____/s/_____
Clerk

---

[5]     Another circumstance triggering the lender's right to take action to protect its interest in the Property is if the "Borrower has abandoned the Property * * *." As evidenced by the use of the word "or," paragraph nine clearly and unambiguously provides that the lender may take action to protect its interest in the Property by securing the Property if any one of the specified events occurs; as such, it is unnecessary for us to address the issue of abandonment.

Additionally, Ms. Rosa's contention that the phrase "reasonable or appropriate" in paragraph nine implicitly requires the mortgagee to provide adequate notice before taking action is also unavailing because Ms. Rosa did receive notice through the express terms of the mortgage.

- 3 -

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Lori Rosa v. Vericrest Financial, a.k.a Caliber Home Loans, et al. | |
| **Case Number** | No. 2017-268-Appeal. (PC 14-4891) | |
| **Date Order Filed** | November 20, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Peter Tashjian, Esq. | |
| | For Defendant: <br><br> Merrill J. Friedemann, Esq. | |