Supreme Court
No. 2016-239-Appeal.

Lawrence C. LaBonte      :

v.               :

New England Development RI, LLC,    :
et al.

# O R D E R

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Vincent Coccoli, an interested party in this receivership action (Coccoli), appeals *pro se* from the trial justice's order finding him in willful contempt of a previous Superior Court order in this case. The trial justice found that Coccoli had acted in contempt of an order appointing Peter J. Furness (Furness or Receiver) as the receiver of the defendant, New England Development RI, LLC (NED), when Coccoli "undertook to interfere with the Receiver in the performance of his obligations" by commencing a civil action against the Receiver and other defendants. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and proceed to decide the appeal at this time. For the reasons set forth herein, we affirm the order of the Superior Court.

Furness was appointed receiver of NED in August 2010. NED's sole asset consisted of an abandoned mill complex, known as the Hope Mill, in Scituate (the Property). Coccoli had been involved with the Property as well as the litigation surrounding it for many years. Coccoli was a member of Hope Mill Village Associates, LLC, which had previously owned the Property; but,

after filing for bankruptcy, that entity sold the Property to NED, the current owner; the principal

of NED was the plaintiff, Lawrence LaBonte. In the August 2010 order appointing Furness as the

permanent receiver, the court restrained and enjoined

> "the commencement * * * of any action, suit * * * or any other
> proceeding, in law or in equity * * * against the Property, in any
> Court, agency, tribunal or elsewhere * * * by any creditor * * * or
> any other person * * * or the interference with the Permanent
> Receiver in the discharge of his duties by any of such parties as
> aforesaid * * * without such parties' first obtaining approval thereof
> from this Court * * * until further [o]rder of this Court."

On June 2, 2011, the Receiver entered into a purchase and sale agreement with an entity

owned by Coccoli and two of his business partners, which included an offer to purchase the

Property for cash and other "non cash" consideration. That sale did not close. On August 20,

2012, the Receiver entered into a second purchase and sale agreement with Coccoli. However,

after several closing date extensions, that sale, as well as a third attempt, also failed to come to

fruition. Thereafter, in late 2013, the Receiver filed a petition to sell the Property to a third party,

to which petition Coccoli filed an "Objection to Proposed Sale of Property and Motion for Hearing

on Proposed Sale[.]"

On August 13, 2015, Coccoli initiated a separate action in Superior Court (the Town of

Scituate action) alleging, *inter alia*, that the Receiver and others had used Coccoli's "proprietary"

and "confidential" information to "market the property to other buyers[,]" and that Furness and the

Town of Scituate, among other named defendants, "led [Coccoli] to believe * * * [that] he would

ultimately benefit from" an alleged agreement in which Coccoli agreed to clean and remove certain

conditions and structures from the Property. The Receiver responded with a motion, filed in the

instant case, asking the court to find Coccoli in contempt of the August 2010 receivership order.

Coccoli denied that he had acted in contempt of that order.

On October 4, 2015, Coccoli also filed a first amended complaint in the Town of Scituate action, removing the Receiver as a defendant.[1] The hearing justice issued an order in the Town of Scituate action on November 6, 2015, stating that "[a]ll claims set forth in [the Town of Scituate action] as to Peter J. Furness in his capacity as Receiver are hereby DISMISSED without prejudice to [Coccoli's] right to file those claims he might wish to assert in the pending receivership matter." The court held hearings in the present case regarding the Receiver's motion to hold Coccoli in contempt over several days in April 2016.

In a bench decision rendered on April 12, 2016, the trial justice found Coccoli in contempt of the August 2010 order appointing Furness as the permanent receiver. The trial justice found that "[w]hile there is no question in the [c]ourt's mind that Mr. Coccoli had knowledge of the entry of this order for many years, the evidence before the [c]ourt discloses clearly that he, in fact, received notice subsequent to the filing of his suit against the Town of Scituate and others." Therefore, any acts before Coccoli filed the Town of Scituate action that may otherwise have been contemptuous could not be considered as such because, the trial justice found, the first time Coccoli received specific notice of the August 2010 order was "when he was being asked either forcefully through court process or voluntarily, as turned out to be the fact, to drop the Receiver as a party to that proceeding."

The trial justice also acknowledged that Coccoli was "heavily invested personally" in the Property, but that "in his zeal to accomplish that which he thinks should be accomplished [with

---

[1] The defendants named in Coccoli's initial complaint in the Town of Scituate action were: "Town of Scituate Town Council and Individually Charles Collins, Jr., John F. Winfield, David B. Campbell, Brenda Frederickson, Kathleen Knight-Bianchi, William Hurry[,] Peter Furness in his capacity as Receiver [and] Town of Scituate Building Official and Individually David E. Provonsil[.]" The first amended complaint removed William Hurry and Peter Furness in his capacity as receiver, and added "Theodore Richard III, Individually and as President of Hope Associates and as a Member of the Hope Sewer District Committee, and Previous President Scituate Town Council" as defendants.

respect to the Property] * * * he ha[d] overstepped the permissive bounds." The trial justice pointed out that, after three failed attempts "to end up as the developer" of the Property, Coccoli again attempted to continue pursuing that goal. The problem, however, was that those efforts "continued after a purchase and sale agreement was approved by the [c]ourt with a different buyer with whom he has no relationship." As such, the trial justice found Coccoli in contempt of the August 2010 order. The trial justice directed "the Receiver and counsel to prepare a list of costs and expenses incident only to the contempt proceeding[,]" and he then held three hearings in May 2016 to determine the appropriate sanction to impose for Coccoli's contempt.

The order memorializing the trial justice's decision was issued on July 13, 2016, in which the court found Coccoli in contempt and directed him to pay the Receiver $39,776 plus interest and reasonable attorneys' fees. The trial justice further stated in that order, however, that Coccoli "currently lack[ed] the income or assets to pay" the sanction. Consequently, the order placed a lien on any recovery Coccoli might be awarded in the Town of Scituate action, restrained and enjoined him from eliminating his rights as a plaintiff or claimant in the Town of Scituate action, and restrained and enjoined him from "taking any action which has the purpose or effect of interfering with the Receiver's administration of this receivership estate[.]" Coccoli appealed from that order on July 28, 2016.

After the appeal was docketed in this Court, we granted a motion to remand the record to the Superior Court to permit the Receiver to file a supplemental motion to hold Coccoli in contempt. Thereafter, on September 11, 2017, the Receiver and Coccoli entered into a settlement agreement in the Superior Court. In that settlement agreement, Coccoli expressly agreed to "withdraw the Appeal taken from the [Superior] Court's Order of July 13, 2016, SU-[2016-]239

and Coccoli acknowledges that all aspects of the Order of July 13, 2016 remain in full force and effect."

The Receiver sought to encapsulate the agreement in a Superior Court order; however, Coccoli objected to the proposed order, alleging that the Receiver "stated [he was] no longer interested in pursuing [Coccoli] to collect fees or go forward with [the] Contempt complaint and would draft a Settlement Agreement to reflect [this.]" Coccoli claimed that he relied on this alleged promise and that "he quickly executed the document." According to Coccoli, after signing the settlement agreement, he sought to confirm that the Receiver "would not pursue him for the $39,776.00[.]" However, the attorney for the Receiver explained that the settlement agreement only meant that, with respect to the ordered amount of money, the Receiver would not "drag" Coccoli to court to establish lack of assets, but that the Receiver retained the right to collect that money should it become apparent that Coccoli attains the ability to pay. The trial justice overruled Coccoli's objection and entered the order, as proposed, on November 20, 2017. Coccoli did not file an appeal from that order.

On appeal, Coccoli contends that the trial justice erred in finding him in contempt because he did not interfere with the Property and there was insufficient evidence to support the finding of contempt. Coccoli also asserts that a monetary sanction in "any amount is absurd, unreasonable, and unnecessary[.]" Regarding the settlement agreement, Coccoli contends that the executed settlement agreement did not reflect his understanding of the agreement between the parties, which he did not realize at the time he hastily executed it.

"[I]t is well established that a party who signs an instrument manifests his assent to it and cannot later complain that he did not read the instrument or that he did not understand its contents." *Management Capital, L.L.C. v. F.A.F., Inc.*, 209 A.3d 1162, 1172 n.9 (R.I. 2019) (quoting *Rivera*

*v. Gagnon*, 847 A.2d 280, 285 (R.I. 2004)). There is no indication that Coccoli was prevented from reading the settlement agreement before he signed it. As such, Coccoli is bound by the terms of the settlement agreement, which included his promise to voluntarily dismiss the instant appeal. The settlement agreement also expressly stated that all aspects of the contempt order "remain in full force and effect." The contempt order included the monetary sanction imposed, finding that Coccoli "lack[ed] the income or assets to pay" this amount, and providing for an equitable attorney's lien to be "imposed upon any proceeds that might become available to" Coccoli. Coccoli signed the settlement agreement and cannot now complain that he did not understand its contents.[2] Accordingly, the July 13, 2016 order of the Superior Court is affirmed, and the record of this case is remanded to the Superior Court.[3]

Entered as an order of this Court on this   17th   day of   March  , 2020.

By Order,

_____/s/_____
Clerk

---

[2] "There is a great principle which I think ought to be adhered to by this court and by every court where it can possibly do so; that is to say that a man shall abide by his contracts and that a man's contracts should be enforced as against him." Harlan F. Stone, *The "Mutuality" Rule in New York*, 16 Colum. L. Rev. 443, 464 (1916) (quoting *Biggs v. Hoddinott*, [1898] 2 Ch. 307 at 313 (Eng.) (Romer, J.)); *see A.J. Amer Agency, Inc. v. Astonish Results, LLC*, No. 12-351S, 2014 WL 3496964, at *1 (D.R.I. July 11, 2014) (report and recommendation by United States Magistrate Judge Patricia A. Sullivan, also quoting The Honorable Harlan F. Stone).

[3] Coccoli also argues that the contempt proceeding violated his due process rights and his First Amendment right to free speech, and also that it constituted a malicious prosecution. Coccoli has waived these arguments because they were not presented to the trial court. "In accordance with this Court's longstanding raise-or-waive rule, if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal." *Cranston Police Retirees Action Committee v. City of Cranston ex rel. Strom*, 208 A.3d 557, 589 n.18 (R.I. 2019) (brackets omitted) (quoting *Adams v. Santander Bank, N.A.*, 183 A.3d 544, 548 (R.I. 2018)).

Justices Flaherty and Indeglia did not participate.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Lawrence C. LaBonte v. NewEngland Development RI, LLC, et al. | |
| **Case Number** | No. 2016-239-Appeal.<br>(PM 10-4650) | |
| **Date Order Filed** | March 17, 2020 | |
| **Justices** | Suttell, C.J., Goldberg, and Robinson, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Michael A. Silverstein | |
| **Attorney(s) on Appeal** | For Appellant:<br><br>Vincent R. Coccoli, Pro Se | |
| | For Appellee:<br><br>Alden C. Harrington, Esq. | |